IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLY CLAIR KILLINGSWORTH,

    Petitioner,

v.                                                                                                         CIV 07-389 MV/CEG

STANLEY MOYA, Warden, et al.,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Billy Clair Killingsworth's ("Killingsworth") pro se petition for writ of habeas corpus. In his petition, Killingsworth alleges that his extradition proceedings resulted in a denial of due process and false imprisonment. *See Doc. 1*. For the reasons below, I recommend that Killingsworth's petition be denied and this case be dismissed.

### I. Killingsworth's Motion Will be Construed Under 28 U.S.C. § 2241

Killingsworth used this Court's form for habeas petitions filed under 28 U.S.C. § 2254, which applies to petitioners who are in custody pursuant to a state court judgment. Because Killingsworth is challenging extradition, he is best described as a pretrial detainee, and the applicable statute is 28 U.S.C. § 2241. *See Walck v. Edmondson*, 472 F.3d 1227, 1234-35 (10th Cir. 2007); *see also Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001); *Gould v. Colorado*, 45 F.Appx. 835, 836 n.1 (10th Cir. 2002). While it is clear that Killingsworth is currently in state custody, he is not attacking the "validity of a conviction and sentence." *Walck*, 472 F.3d at 1234-35 ("We review habeas claims made pursuant to § 2241 . . . de novo). Killingsworth appears to be mindful of this; as he states in a letter to the Court, "whether this

avenue is the correct one for my particular situation I do not know." *Doc. 3*. Because Killingsworth is proceeding pro se, the Court will overlook his invocation of 28 U.S.C. § 2254 and consider his petition under the proper statute. *See Roman-Nose v. N.M. Dep't of Human Servs.*, 967 F.2d 435, 437 (10th Cir. 1992) ("The characterization of the action and the claim for relief by a pro se litigant is not dispositive on the availability of relief in federal court.").

## II.  Factual and Procedural Background

In May of 2004 Killingsworth attempted to obtain an identification card from the Alabama Department of Motor Vehicles. *See Doc. 1* at 6; *Doc. 12* at 2.  A National Crime Information Check revealed that Killingsworth was a fugitive from justice, having escaped from the Penitentiary of New Mexico in 1980, where he was serving two life sentences. *Id.*; *Record Proper ("RP")* at 31, 41.  On May 3, 2004, Killingsworth was arrested by Alabama State Trooper Jessie Williams and placed in the Houston County Jail. *See RP* at 42.  On May 6, 2004, Killingsworth signed a waiver of extradition in the presence of a notary public. *See RP* at 44.  In relevant part, the waiver of extradition states:

> I, Billy Clair Killingsworth do hereby freely and voluntarily state that I am the identical Billy Clair Killingsworth against whom criminal proceedings, charging me with the commission of a Felony have been instituted in the County of Bernalillo, State of New Mexico; and I further hereby freely, voluntarily and without promise of reward of leniency agree, consent and elect to return to said County of Bernalillo, State of New Mexico, without requisition papers, warrant or rendition, or other legal forms of process having for their object my return to aforesaid County and State.

*Id.*

Killingsworth was extradited to New Mexico on or around June 4, 2004. *See RP* at 30. On September 20, 2005, he filed a Petition for Writ of Habeas Corpus in state court, alleging that

his extradition proceedings resulted in a denial of due process and that he "was not the person they were looking for." *RP* at 8. In its Response to Killingsworth's petition, the State of New Mexico argued that Killingsworth could file a writ of habeas corpus contesting extradition, which could include an identity claim, but had to do so before he was extradited. *See RP* at 38-39. The Response further argued that Killingsworth's claim was "moot because he signed waiver of extradition from the State of Alabama." *Id*.

The state court held an evidentiary hearing on December 8, 2006, where it heard testimony from a fingerprint expert selected by the parties. *See 12-8-06 Tape*. In the Order Denying Petition for Writ of Habeas Corpus, the state court held that "Petitioner's claim that he is not the same person who escaped from the Penitentiary of New Mexico on April 27, 1980 is without merit, and Petitioner has failed to state a claim in which relief could be granted." *RP* at 89.

In his federal writ of habeas corpus, Killingsworth also alleges that his extradition proceedings resulted in a denial of due process and false imprisonment. *See Doc. 1* at 6-6(b). To support his claim, Killingsworth again contends that he was mistakenly identified during extradition proceedings. *Id*.

### III. Discussion

A fugitive who is in the custody of an asylum state may challenge his detention by seeking a federal writ of habeas corpus. *See Gee v. Kansas*, 912 F.2d 414, 416 (10th Cir. 1990). Generally, only four issues may be raised in such a habeas proceeding: (i) whether the extradition documents are in order, (ii) whether the petitioner is charged with a crime, (iii) whether the petitioner is the person named in the extradition request, and (iv) whether the petitioner is a

fugitive from justice. *Id.* at 416-17. The Supreme Court has long held that "the power of a court to try a person for crime is not impaired by the fact that he had been brought within the court's jurisdiction by reason of a forcible abduction." *Frisbie v. Collins*, 342 U.S. 519, 522 (1952) (internal quotation marks omitted). Accordingly, once a fugitive has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement on grounds that arose in the asylum state. *See Gee*, 912 F.2d at 416; *Bey v. Keating*, 215 F.3d 1336, 2000 WL 633049 at *2 (10th Cir. May 17, 2000); *see also Harden v. Pataki*, 320 F.3d 1289, 1299 (11th Cir. 2003); *Brown v. Nutsch*, 619 F.2d 758, 763 (8th Cir. 1980). Here, Killingsworth is challenging extradition in the demanding state, New Mexico; therefore, habeas review is not proper.[1]

After a petitioner has been returned to the demanding state, a suit pursuant to 42 U.S.C. § 1983 is the correct process by which to redress the failure to follow extradition procedures. *See, e.g., Harden*, 320 F.3d at 1299; *Ortega v. City of Kansas City*, 875 F.2d 1497, 1500 (10th Cir. 1989); *see also Crumley v. Snead*, 620 F.2d 481, 483-84 (5th Cir. 1980) (upholding § 1983 claim for extraditing prisoner while his habeas petition was pending). Although Killingsworth includes a claim for false imprisonment, I do not interpret his petition as being a § 1983 suit. *See Bey*, 2000 WL 633049 at *2. Dismissal of the petition does not foreclose Killingsworth's filing of such a suit.

Wherefore,

---

[1] Moreover, the Court also notes that Petitioner signed a waiver of extradition. Such a waiver also forecloses his right to attack extradition. *See Scull v. New Mexico*, 236 F.3d 588, 595-96 (10th Cir. 2000) ("[B]ecause Mr. Reed had previously signed a waiver of extradition as a condition of parole, he had neither a constitutional nor a statutory right to specific extradition procedures.").

4

IT IS HEREBY RECOMMENDED THAT:

1) Killingsworth's petition for writ of habeas corpus be denied; and

2) that CV 07-389 MV/CEG be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE